IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:12-cv-00034-RLV-DSC

| | |
|---|---|
| SELECTIVE INSURANCE COMPANY OF AMERICA, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )   MEMORANDUM AND<br>)   RECOMMENDATION AND ORDER<br>) |
| GLEN WILDE, LLC; CHARLES W. CARTER PLUMBING, INC.; H2H COMMERICAL LLC; LAKEY'S BACKHOE SERVICE, INC.; NEW RIVER BUILDING SUPPLY, INC.; PLYLER SUPPLY COMPANY; SHARP STONE SUPPLY, INC.; RAMON TOLEDO GARCIA d/b/a TOLEDO COMPETITION PAINT COMPANY; TRI-COUNTY PAVING, INC. and ALAN S. MORRIS d/b/a TOTALLY FLOORED, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>)<br>) |

**THIS MATTER** is before the Court on Defendant Glen Wilde, LLC's "Motion to Require Joinder of an Indispensable Party or in the Alternative to Dismiss for Failure to Join an Indispensable Party" (document #13), as well as the parties' briefs and exhibits. See documents ##14, 28-30.

This matter was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1), and this Motion is now ripe for the Court's consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned denies Defendant's Motion to Require Joinder and respectfully recommends that

Defendant's alternative Motion to Dismiss be <u>denied</u>, as discussed below.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This is an action brought pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02. Plaintiff is a New Jersey corporation. Defendant Glen Wilde, LLC is a North Carolina limited liability company. Non-party Williams General Contracting, Inc. ("Williams") is a North Carolina corporation and a member and part owner of Defendant Glen Wilde.

On March 1, 2011, Glen Wilde as owner and Williams as contractor entered into a contract to construct an apartment building in Boone, North Carolina. Williams applied with Plaintiff for a Performance Bond and Labor and Material Payment Bond. Plaintiff is surety on the bonds, with Williams as contractor/principal, and Glen Wilde as owner/obligee. Plaintiff delivered the bonds to Williams. Williams paid the total premium of $23,500.00.

Williams and Glen Wilde dispute whether Glen Wilde was obligated to reimburse Williams for the premium. As a result, Williams did not execute and deliver the bonds to Glen Wilde. Williams and Glen Wilde also dispute whether each has fully performed its duties under the construction contract.

The remaining Defendants are North Carolina residents who were subcontractors on the construction project. Each has filed a subcontractor lien against Glen Wilde and seeks to enforce the Payment Bond.

On March 22, 2012, Plaintiff filed its Complaint seeking a declaratory judgment that the bonds are unenforceable.

On April 16, 2012, Glen Wilde filed the present Motion to join Williams as a "necessary party" pursuant to Fed. R. Civ. P. 19(a). Glen Wilde alleges that Williams is indispensable to the

resolution of Plaintiff's claim and that if Williams cannot be joined without destroying the Court's subject matter jurisdiction, the Complaint should be dismissed pursuant to Fed. R. Civ. P. 19(b).

As Plaintiff points out in its "Brief in Opposition" (document #28), Glen Wilde argues that Williams is a necessary Defendant. See document #14 at 5-8. However, in the portion of its brief where it argues for dismissal under Rule 19(b) Glen Wilde contends that Williams is an indispensable Plaintiff. See document #14 at 8-9. Despite being afforded the the opportunity to file a Reply and clarify this contradiction, Glen Wilde elected to waive its Reply. See "Notice of Intent Not to File Reply Brief" (document #30).

Defendant's Motion is ripe for determination.

## II. DISCUSSION

The Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration whether or not further relief is or could be sought." 28 U.S.C. § 2201(a).

In resolving a Motion to Dismiss pursuant to Fed. R. Civ. P. 19, the district court must first determine whether the party is "necessary" to the action under Rule 19(a), which provides:

> A person ... shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

If the court determines that the party is "necessary" and, for any reason, the party is unavailable to be joined in the lawsuit, the court must then determine whether the party is

3

"indispensable" to the action under Rule 19(b).[1] If the unavailable necessary party is also "indispensable" to the action, then the motion to dismiss must be granted. See Teamsters Local Union No. 171 v. Keal Driveaway Co., 173 F.3d 915, 917-18 (4th Cir. 1999).

Applying these principles, Williams is not a necessary party to this declaratory judgment action. As to the first prong of the Rule 19(a) test, Glen Wilde has not demonstrated that complete relief -- a determination whether the bonds are enforceable – cannot be had absent Williams' presence as a party.

As to the second prong of Rule 19(a), regardless of the status of the bonds, Glen Wilde and the subcontractors can pursue their contract claims against Williams. The Court's ruling on the legal status of the bonds will not impact those claims or Williams' ability to defend against them. If this Court finds that the bonds are void, there would be no cause of action against Williams under the bonds for the same amounts as the contract claims of Glen Wilde and the subcontractors. If this Court finds that the bonds are enforceable, then there would be a cause of action where Williams is primarily liable on claims by Glen Wilde and the subcontractors and Plaintiff is secondarily liable. It is also undisputed that Plaintiff is entitled to reimbursement from Williams for any payment made on the bonds. Either way Williams faces potential liability.

Even if Williams was a necessary party, Glen Wilde has failed to show that Williams is unavailable, and could not be joined as a Defendant without defeating the Court's diversity

---

[1] Rule 19(b) provides as follows:
If a person as described in subdivision (a)(1)-(2) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.
Fed.R.Civ.P. 19(b) (2001).

4

jurisdiction. See, e.g., 28 U.S.C. § 1332 (2000); Wisconsin Dept. of Corrections v. Schacht, 524 U.S. 381, 388 (1998) (federal district court has diversity jurisdiction only if diversity of citizenship among the parties is complete – that is, only if no plaintiff and defendant are citizens of the same State); Carden v. Arkoma Associates, 494 U.S. 185, 187 (1990); and Strawbridge v. Curtiss, 3 Cranch 267 (1806).

For diversity purposes, Plaintiff is a citizen of New Jersey, while Williams and all Defendants are North Carolina citizens. See 28 U.S.C. § 1332(c)(1) (2000) ("a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business"); and Peterson v. Cooley, 142 F.3d 181, 184 (4th Cir. 1998).

Applying these principles, Williams' joinder would defeat this Court's diversity jurisdiction only if it were joined as a Plaintiff. Although Williams has not sought to intervene in this matter, common sense dictates that were Williams to join this lawsuit, it would align itself as a Defendant. As noted above, Glen Wilde has not explained its logic that Williams is necessary as a Defendant but indispensable as a Plaintiff. The Court is unaware of any authority mandating such a result. Even if Williams was necessary to this lawsuit, the severe sanction of dismissal would not be warranted.

### III. ORDER

**FOR THE FOREGOING REASONS, IT IS ORDERED** that Defendant Glen Wilde, LLC's "Motion to Require Joinder of an Indispensable Party ... " (document #13) is **DENIED**.

### IV. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Defendant Glen Wilde, LLC's "... Alternative [Motion] to Dismiss for Failure to Join an

5

Indispensable Party" (document #13) be **DENIED**.

## V. <u>NOTICE OF APPEAL RIGHTS</u>

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. <u>Diamond v. Colonial Life</u>, 416 F.3d 310, 315-16 (4th Cir. 2005); <u>Wells v. Shriners Hosp.</u>, 109 F.3d 198, 201 (4th Cir. 1997); <u>Snyder v. Ridenour</u>, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. <u>Thomas v. Arn</u>, 474 U.S. 140, 147 (1985); <u>Diamond</u>, 416 F.3d at 316; <u>Page v. Lee</u>, 337 F.3d 411, 416 n.3 (4th Cir. 2003); <u>Wells</u>, 109 F.3d at 201; <u>Wright v. Collins</u>, 766 F.2d 841, 845-46 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation and Order to counsel for the parties; <u>and to the Honorable Richard L. Voorhees.</u>

**SO ORDERED AND RECOMMENDED.**

Signed: May 23, 2012

_____
David S. Cayer
United States Magistrate Judge

6