IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CASE NO. 5:12-CV-00034-RLV-DSC

| | |
|---|---|
| SELECTIVE INSURANCE COMPANY OF AMERICA, ) ) ) Plaintiff, ) ) v. ) ) GLEN WILDE, LLC, et al., ) ) Defendants. ) ) | **ORDER** |

**THIS MATTER** is before the Court on its own motion in response to Defendant Akers Construction & Electric, Inc.'s ("Akers") Miscellaneous Response (Doc. 66) and communication with its attorney, Fred Lewis, who has neither entered an appearance nor been admitted to practice in the Western District of North Carolina.

Defendant Akers "may not appear pro se but must be represented only by duly licensed counsel." *Allied Colloids, Inc. v. Jadair, Inc.*, No. 96-2078, 1998 WL 112719, at *1 (4th Cir. Mar. 16, 1998) (citing *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 202 (1993)). Accordingly, the "Miscellaneous Response," filed and signed by the company's president, may not be accepted as a responsive pleading, and the Clerk so notified Defendant Akers and Mr. Lewis on October 26, 2012. After receiving this notice, Mr. Lewis contacted the Court and Plaintiff's counsel requesting an extension of time for Defendant Akers to answer.[1] In light of this request, to which Plaintiff's attorney, Mr. Sturges, has apparently consented via e-mail dated October 26, and

---

[1] In light of Defendant Akers' waiver of service, its answer would have been due October 29, 2012. (Doc. 51); Fed. R. Civ. P. 12(a)(1)(A)(ii).

1

pursuant to Federal Rule of Civil Procedure 6(b)(1)(A),[2] the Court finds good cause to extend Defendant Akers' deadline to answer Plaintiff's Complaint by an additional thirty days, through November 28, 2012.

**IT IS, THEREFORE, ORDERED** that Defendant Akers' answer be filed by duly licensed and admitted counsel on or before November 28, 2012.

Signed: October 29, 2012

Richard L. Voorhees
United States District Judge

---

[2] The Rule states, "When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires . . . ." Fed. R. Civ. P. 6(b)(1)(A).